**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Taco Bueno Restaurants, L.P. | **DEFENDANTS**<br>Rosebriar/Caruth Haven, L.P. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Matthew W. Moran<br>Vinson & Elkins LLP<br>2001 Ross Ave., Ste. 3900, Dallas TX 75201<br>(214) 220-7723 | **ATTORNEYS** (If Known)<br>Bruce E. Bagelman<br>Stinson Leonard Street LLP<br>3102 Oak Lawn Ave., Ste. 777 Dallas TX 75219<br>(214) 560-2201 |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Breach of contract and declaratory judgment (28 U.S.C. Sec. 2201) ||

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☑ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought<br>Declaratory judgment, actual damages, consequential damages, nominal damages, and attorneys' fees, costs, and expenses ||

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Taco Bueno Restaurants, L.P. | BANKRUPTCY CASE NO.<br>18-33679-11 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Dallas | NAME OF JUDGE<br>Jernigan | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Matthew W. Moran | | | |
| DATE<br>November 6, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Matthew W. Moran | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Paul E. Heath (TX 09355050)
Matthew W. Moran (TX 24002642)
Jordan W. Leu (TX 24070139)
Garrick C. Smith (TX 24088435)
**VINSON & ELKINS LLP**
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel:  214.220.7700
Fax: 214.999.7787
Email: pheath@velaw.com
Email: mmoran@velaw.com
Email: jleu@velaw.com
Email: gsmith@velaw.com

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
**VINSON & ELKINS LLP**
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Tel:  212.237.0000
Fax: 212.237.0100
Email: dmeyer@velaw.com
Email: jpeet@velaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** § | **Case No. 18-33679-11** |
| § | |
| **TACO BUENO RESTAURANTS, INC.,** *et al.***,** § | **(Chapter 11)** |
| § | **(Joint Administration Pending)** |
| § | |
| **Debtors.**[1] § | |
| § | |
| | |
| **TACO BUENO RESTAURANTS, L.P.,** § | |
| § | |
| **Plaintiff,** § | **Adversary No. 18-_____** |
| § | |
| **v.** § | **ORIGINAL COMPLAINT** |
| § | |
| **ROSEBRIAR/CARUTH HAVEN, L.P.,** § | |
| § | |
| **Defendant.** § | |
| § | |
| § | |

**TACO BUENO'S ORIGINAL ADVERSARY COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY JUDGMENT**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: CBI Restaurants, Inc. (3490); Taco Bueno Equipment Company (0677); Taco Bueno Franchise Company L.P. (2397); Taco Bueno Restaurants, Inc. (8214); Taco Bueno Restaurants L.P. (6189);  Taco Bueno West, Inc. (6200); TB Corp. (8535); TB Holdings II, Inc. (7703); TB Holdings II Parent, Inc. (3347); and TB Kansas LLC (6158). The

Plaintiff Taco Bueno Restaurants, L.P. ("Taco Bueno") brings this Original Adversary Complaint for Breach of Contract and Declaratory Judgment against Defendant Rosebriar/Caruth Haven, L.P. ("Rosebriar/Caruth") and alleges as follows:

## NATURE OF ACTION

This is an action to prevent Rosebriar/Caruth from improperly terminating its lease agreement (the "Store 3177 Lease") with Taco Bueno for the land and building located at 7940 N. Central Expressway, Dallas, Texas 75206 and known as Taco Bueno Store 3177 ("Store 3177") and to recover the resulting damages. To the extent Rosebriar/Caruth has attempted to manufacture various defaults under the Store 3177 Lease as a purported basis to terminate the lease or exercise default remedies, it did so without justification. Taco Bueno has at all times met its duties and obligations under the Store 3177 Lease and will continue to do so.

Store 3177 employs approximately 42 people and is one of Taco Bueno's most profitable stores. The continuation of this lease is thus critical to Taco Bueno's restructuring and the continued success of the business. As such, a determination that the Store 3177 Lease has not been terminated and that Taco Bueno's interest thereunder remains property of the Taco Bueno estate is a condition precedent under the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization (the "Plan"). If Rosebriar/Caruth is allowed to improperly terminate the Store 3177 Lease and exercise default remedies, approximately 42 people will lose their jobs and Taco Bueno's attempted restructuring will be greatly hindered. Accordingly, Taco Bueno sues for breach of contract and seeks a declaratory judgment that no "Event of Default" has occurred under the Store

---

location of the Debtors' corporate headquarters and the Debtors' service address is: 300 East John Carpenter Freeway, Suite 800, Irving, Texas 75062.

**TACO BUENO'S ORIGINAL ADVERSARY COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT – PAGE 2**

3177 Lease and that Rosebriar/Caruth has no right to enforce any remedies, including termination of the lease.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, as well as under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Taco Bueno's claim occurred in this District, and the property that is the subject of this action is situated in this District. Taco Bueno's claim is a core matter under 28 U.S.C. § 157(b)(2)(A), (E), (M), (N), and (O). Taco Bueno consents to entry of a final order on these claims by this Court.

2.  Taco Bueno's claim is properly brought as an Adversary Proceeding under FED. R. BANKR. P. 7001(1), (2), and (9) because it seeks to determine the validity, priority, or extent of Taco Bueno's interest in property, seeks to recover property, and seeks to obtain a declaratory judgment regarding that property.

3.  This Court has personal jurisdiction over Rosebriar/Caruth because the actions giving rise to this case occurred in Texas and because Rosebriar/Caruth is organized under Texas law, with its principal place of business in Texas.

## THE PARTIES

4.  Taco Bueno is a Texas limited partnership with a principal office located at 300 East John Carpenter Freeway, Suite 800, Irving, Texas 75062. On November 6, 2018, Taco Bueno filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Taco Bueno continues to operate its business and manage its properties, including the Store 3177 Lease, as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. Defendant Rosebriar/Caruth is a Texas limited partnership with its principal office located at 10017 Technology Boulevard West, Dallas, Texas 75220. Rosebriar/Caruth can be served with process by serving its registered agent for service, William R. Hanks, at 10017 Technology Boulevard West, Dallas, Texas 75220.

**FACTUAL BACKGROUND**

6. Taco Bueno entered into the Store 3177 Lease with Rosebriar/Caruth on or about April 6, 2006. A true and correct copy of the Store 3177 Lease, as amended, is attached as Exhibit 1.

7. From 2006 until September 2018, Taco Bueno paid rent as required under the Store 3177 Lease.

8. In September 2018, Taco Bueno was late on its rent payment.

9. On or about September 26, 2018, Rosebriar/Caruth sent a letter to Taco Bueno (the "September 26th Letter"), a true and correct copy of which is attached as Exhibit 2, in which Rosebriar/Caruth notified Taco Bueno that September rent had not been paid. As required under the Store 3177 Lease, Rosebriar/Caruth advised Taco Bueno that it had ten days in which to cure that alleged breach.

10. On October 1, 2018 – well within the contractual cure period – Taco Bueno cured the rent payment by sending Rosebriar/Caruth the full amount of September rent. On October 2, 2018, Rosebriar/Caruth received and accepted the ACH transfer.

11. Rosebriar/Caruth's September 26th Letter also stated that a letter sent by Taco Bueno to the landlord at a Taco Bueno store in Prosper, Texas (the "Prosper Letter"), which sought to restructure the lease of a different Taco Bueno restaurant, somehow constituted an "admission

in writing of its inability to pay its debts as they become due." And, on the basis of that assertion, Rosebriar/Caruth's September 26th Letter purported to terminate the Store 3177 Lease.

12. But nowhere in the Prosper Letter did Taco Bueno make an "admission in writing of its inability to pay its debts as they become due." *See* Exhibit 2, which includes a true and correct copy of the Prosper Letter.

13. Under the Store 3177 Lease, Rosebriar/Caruth may enforce remedies, including a right to terminate the Store 3177 Lease, only upon the occurrence of certain enumerated "Events of Default." *See* Ex. 1 at § 11.01. Events of Default under the Store 3177 Lease are specifically defined and, as relevant here, include Taco Bueno making "an admission in writing of its inability to pay its debts as they become due," or failing to pay an installment of rent within ten days after written notice. *See id.*

14. On or about October 4, 2018, Taco Bueno timely paid Rosebriar/Caruth the full amount of October rent.

15. On or about October 5, 2018, Rosebriar/Caruth received and accepted the ACH transfer. But, on or about October 8, 2018, Taco Bueno received a check from Rosebriar/Caruth purporting to refund the October rent.

16. On October 9, 2018, in light of the September 26th Letter, counsel for Taco Bueno contacted counsel for Rosebriar/Caruth and explained that there was no basis under the law or the facts for Rosebriar/Caruth to terminate the Store 3177 Lease.

17. Despite this explanation, on October 17, 2018, counsel for Rosebriar/Caruth sent Taco Bueno a notice to vacate the premises subject to the Store 3177 Lease under Section 24.005 of the TEXAS PROPERTY CODE. Thereafter, Rosebriar/Caruth initiated eviction proceedings in a Texas Justice Court.

18. Rosebriar/Caruth's refusal to accept rent and attempt to fabricate an Event of Default so as to improperly terminate the Store 3177 Lease is improper and is a violation of Taco Bueno's rights under the Store 3177 Lease. As a result, Taco Bueno files this breach of contract and declaratory-judgment action to seek a declaration that: (1) no Event of Default has occurred under the Store 3177 Lease; (2) the Store 3177 Lease is not terminated and Taco Bueno's interest thereunder became and remains property of the Taco Bueno estate; and (3) Rosebriar/Caruth has no right to exercise any remedies under the Store 3177 Lease, including the right to terminate the Store 3177 Lease.

## BREACH OF CONTRACT

19. Taco Bueno incorporates by reference the factual allegations in the preceding paragraphs as if set forth fully herein and sues Rosebriar/Caruth for breach of contract.

20. The Store 3177 Lease is a valid contract between Taco Bueno and Rosebriar/Caruth.

21. Taco Bueno has performed or tendered performance under the Store 3177 Lease.

22. Rosebriar/Caruth has breached the Store 3177 Lease by, among other things, improperly declaring an Event of Default, improperly purporting to terminate the Store 3177 Lease, and improperly purporting to exercise remedies under the Store 3177 Lease.

23. The breaches of contract by Rosebriar/Caruth have caused Taco Bueno to suffer damages. Additionally, Taco Bueno is entitled to recover its attorneys' fees, costs, and expenses, both under the terms of the Store 3177 Lease and under TEX. CIV. PRAC. & REM. CODE § 38.001.

## DECLARATORY JUDGMENT

24. Taco Bueno incorporates by reference the factual allegations in the preceding paragraphs as if set forth fully herein.

25. Taco Bueno files an action for declaratory judgment as allowed by, inter alia, FED. R. BANKR. P. 7001 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and seeks a declaration that:

    a. No Event of Default has occurred under the Store 3177 Lease;

    b. The Store 3177 Lease is not terminated and Taco Bueno's interest thereunder became and remains property of the Taco Bueno estate; and

    c. Rosebriar/Caruth has no right to exercise any remedies under the Store 3177 Lease, including the right to terminate the Store 3177 Lease.

## PRAYER FOR RELIEF

26. Based upon the foregoing, Taco Bueno requests that the Court grant it the following relief:

    A. Actual, consequential, and nominal damages as set forth above;

    B. All of Taco Bueno's attorneys' fees, costs, and expenses incurred as a result of Rosebriar/Caruth's breaches of contract and other actionable conduct;

    C. A declaration that no Event of Default has occurred under the Store 3177 Lease;

    D. A declaration that the Store 3177 Lease is not terminated and Taco Bueno's interest thereunder became and remains property of the Taco Bueno estate;

    E. A declaration that Rosebriar/Caruth has no right to exercise any remedies under the Store 3177 Lease, including the right to terminate the Store 3177 Lease; and

    F. Any such further relief the Court deems just and proper.

Dated: November 6, 2018
Dallas, Texas

**VINSON & ELKINS LLP**

By: */s/ Matthew W. Moran*
Paul E. Heath (TX 09355050)
Matthew W. Moran (TX 24002642)
Jordan W. Leu (TX 24070139)
Garrick C. Smith (TX 24088435)
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
pheath@velaw.com; mmoran@velaw.com
jleu@velaw.com; gsmith@velaw.com

 - and –

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Tel: 212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; jpeet@velaw.com

**PROPOSED COUNSEL FOR THE DEBTORS**

US 5900011